■ In the Matter of TRANSPORT WORKERS UNION OF AMERICA, LOCAL 100, AFL-CIO, Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. [805 NYS2d 83]—

Determination of respondent New York State Public Employment Relations Board (PERB), dated December 12, 2003, which reversed the decision of its Administrative Law Judge and dismissed petitioner's improper labor practice charge in its entirety, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Harold Beeler, J.], entered on or about November 9, 2004) dismissed, without costs.

PERB's determination that a follow-up medical appointment scheduled for petitioner's union member was not an investigatory interview at which the employee was entitled to union representation was based upon its interpretation of the facts at the hearing, and not one that turned simply on statutory construction. Accordingly, the appropriate standard of review is whether there was substantial evidence to support PERB's determination (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176 [1978]). That standard was met by evidence showing that the purpose of the medical appointment was to assess the employee's progress in relapse prevention education and was not disciplinary. Concur—Tom, J.P., Marlow, Gonzalez and Sweeny, JJ.